UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:23-CV-00041-CRS**

**TERRY WAYNE UTLEY**                                                                                                       **PLAINTIFF**

**v.**

**STATE OF KENTUCKY,** *et al.*                                                             **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

Plaintiff Terry Wayne Utley filed this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. [DN 1, DN 8]. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the claims set forth in the complaint.

**I.**

Plaintiff is currently an inmate confined by the Bureau of Prisons ("BOP") at the Federal Correctional Institution-Fort Dix ("FCI Fort Dix") located in New Jersey. He sues the Commonwealth of Kentucky, Kentucky Parole Board, and the Kentucky Department of Corrections ("KDOC") seeking relief from a detainer that the Kentucky Parole Board lodged against him.

Specifically, Plaintiff alleges that on February 23, 2022, a warrant was issued for a parole violation by the Kentucky Parole Board. [DN 8, DN 1-2]. Plaintiff represents that on February 24, 2022, FCI Greenville, Illinois, sent a detainer action letter to the KDOC and confirmed that a detainer had been placed on Plaintiff and included his release date from the BOP. [DN 1-3]. Plaintiff states that on August 15, 2022, he sent a letter to the KDOC informing it of his wishes to resolve the detainer issue (Warrant No. 2022-68009). Plaintiff contends that he also sent a letter

to the Circuit Court in Morganfield, Kentucky, on September 26, 2022, requesting to resolve the detainer issue. According to Plaintiff, he similarly sent an "R&D" at FCI Fort Dix to let them know that he desired to resolve the detainer issue. [DN 1-6]. He represents that he has not received a response from KDOC, the state circuit court, or FCI Fort Dix.

Based on this conduct, Plaintiff alleges that his rights pursuant to the Due Process Clause of the Fourteenth Amendment and the Interstate Agreement on Detainers Act ("IADA") were violated. [DN 8 at 4, DN 1-1 at 3]. Plaintiff argues that because he filed his request to resolve the detainer within the applicable limitation period, Defendants have forfeited any claims to Plaintiff pursuant to Article III of the IADA. As relief, Plaintiff seeks to have the detainer dismissed as untimely. [DN 8 at 6].

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers,*

*USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff sues the Commonwealth of Kentucky, the KDOC, and the Kentucky Parole Board. The KDOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Ky. Rev. Stat. Ann. §§ 12.250 and 15A.020. The Parole Board is an entity within the Justice and Public Safety Cabinet. *See* Ky. Rev. Stat. Ann. § 15A.030. *Freeman v. Kentucky Parole Bd.*, No. 5:17CV-P71-GNS, 2017 WL 4274172, at *3 (W.D. Ky. Sept. 26, 2017). A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the Defendants. A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment, or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144–46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119–24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781–82 (1978); *see also Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001) ("The Parole Board is entitled to Eleventh Amendment immunity."); *Kersey v. Tenn. Bd. of Paroles*, No. 95-5870, 1996 WL 185779, at *1 (6th Cir. Apr. 17, 1996) (concluding that the Tennessee Board of Paroles enjoys Eleventh Amendment immunity from a § 1983 suit for money damages and declaratory and injunctive relief); *Long v. Ky. State Parole Bd.*, No. CIV.A.1:05CV-P21-M, 2005 WL 1949544, at *4 (W.D. Ky. Aug. 12, 2005) (finding that the Kentucky Parole Board is not a person subject to suit under § 1983 and that the Eleventh Amendment bars claims against). In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193–94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). "[T]he Eleventh Amendment is a true jurisdictional bar" to such claims. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015); *see also Secord v. Mich. Dep't of Corr.*, No. 5:06-CV-94, 2006 WL 2035301, at *2–3 (W.D. Mich. July 18, 2006). Thus, Plaintiff's claims against Defendants must be dismissed.

Furthermore, Plaintiff's challenge to the parole violation detainer under the IADA is not actionable. The IADA "regulates the speedy disposition of untried criminal charges in the detainer context." *Ellis v. Virginia Parole Bd.*, No. CIV.A. 14-208-DLB, 2015 WL 998573, at *4 (E.D. Ky. Mar. 6, 2015), *adhered to as amended*, No. CIV.A. 14-208-DLB, 2015 WL 4040539 (E.D. Ky. June 30, 2015). The IADA requires a "trial within one hundred and eighty days" after

the prisoner requests "final disposition" under the IADA. 18 U.S.C. § 2 art. III(a). However, in *Carchman v. Nash*, "the Supreme Court explained that the IADA applies only to criminal prosecutions, not to detainers based parole violations, and that no independent constitutional right to a 'speedy probation revocation hearing' exists." *Ellis*, 2015 WL 998573, at *4 n. 6 (quoting *Carchman v. Nash*, 473 U.S. 716, 725, 731 n. 10 (1985) ("This Court has never held, however, that a prisoner subject to a probation-revocation detainer has a constitutional right to a speedy probation-revocation hearing.")). The Sixth Circuit has applied the ruling in *Carchman* to parole-revocation detainers. *See White v. United States*, 113 F.3d 1236, 1997 WL 205615 at *2 (6th Cir. April. 24, 1997) (unpublished table decision).

Thus, no federal statute requires the Kentucky Parole Board to conduct a parole revocation hearing prior to Plaintiff completing his federal sentence. *See Moore v. W. Virginia Parole Bd.*, No. 3:21-CV-00671, 2023 WL 4981600, at *2–3 (S.D. W.Va. July 11, 2023); *Reid v. Suffolk Co. Prob. Dep't, MA*, No. CV 21-140-DLB, 2022 WL 1206088, at *2 (E.D. Ky. Apr. 22, 2022); *United States v. Sanders*, No. 5:13-CR-136-JMH-1, 2019 WL 4228361, at *1–2 (E.D. Ky. Sept. 5, 2019); *Ellis*, 2015 WL 998573, at *4 (citing *Davis v. Stine*, No. 05–CV–673–KKC, 2006 WL 1050069, at *3 (E.D. Ky. Apr. 20, 2006) ("There is nothing impermissible in waiting until a parole or probation violator is released from federal custody before holding revocation proceedings.")). Thus, because the Kentucky detainer is based upon an alleged violation of the terms of Plaintiff's parole, the IADA does not apply.

## IV.

For the foregoing reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. A separate Order of dismissal will be entered consistent with this Memorandum Opinion.

Date: December 1, 2023

Charles R. Simpson III, Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
4411.014